UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **EDDIE WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.  CV-04-S-3030-NW |
| | ) |
| **CITY OF LITTLEVILLE,** | ) |
| **ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

This action is before the court on plaintiff's motion to strike the brief submitted by defendant in support of its motion for summary judgment, and to deny the motion for summary judgment.[1]  This action also is before the court on defendant's motion for leave to file an amended brief in support of its motion for summary judgment.[2]

Plaintiff filed his complaint on October 18, 2004.[3]  The court issued an Initial Order Governing All Further Proceedings ("Initial Order") on November 5, 2004.[4]  Appendix II of the Initial Order stated as follows:

### NOTICE

---

[1] *See* doc. no. 19.  Plaintiff actually moves to strike "defendant's motion for summary judgment."  For the sake of precision, however, the motion will be construed in the manner stated above.

[2] Doc. no. 21.  Defendant actually moves to "amend its Summary Judgment Motion."  Again, for the sake of precision, the motion will be construed in the manner stated above.

[3] Doc. no. 1.

[4] Doc. no. 5.

>   This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements will be stricken.**[5]

Appendix II also provided, in pertinent part, the following:

### REQUIREMENTS FOR BRIEFS

>   . . . .
>
>   **D.   Manner of Stating Facts**
>
>   All briefs submitted either in support of or [in] opposition to a motion must begin with a statement of allegedly undisputed facts set out in *separately numbered sentences*. Counsel must state facts in clear, unambiguous, simple, declarative sentences.
>
>   **1.   Moving party's initial statement of facts**
>
>   The moving party shall list in *separately numbered sentences* each material fact that movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record upon which the movant claims supports it.[6]

The court entered a Scheduling Order on January 3, 2005, which instructed the parties to file all potentially dispositive motions by September 2, 2005.[7] The Scheduling

---

[5] Doc. no. 5, Appendix II at i (boldface emphasis and other emphasis in original).

[6] *Id.* at iii (footnote omitted) (emphasis in original).

[7] Doc. no. 9, ¶ 3.

Order specified: "***Nota bene*: All potentially dispositive motions *must* comply with all requirements of the Appendix attached to the 'Initial Order Governing All Further Proceedings' that was entered in this action**."[8]

Defendant filed its motion for summary judgment on September 2, 2005.[9] The motion included a "Narrative of Material Facts" ("the Narrative"), a memorandum of law in support of the motion, and evidentiary materials.[10] The Narrative asserted facts which purportedly established defendant's entitlement to summary judgment. However, it did not specify which facts were undisputed, nor did it list facts in separately numbered sentences. Plaintiff moves to strike the Narrative and defendant's memorandum of law on this basis and, accordingly, to deny defendant's motion for summary judgment.[11]

In response, defendant moves for leave to file an amended brief. Section I of the amended brief asserts, in separately numbered sentences, the material facts which defendant contends are true and undisputed. In a separate filing, defendant also

---

[8] *Id.* (boldface emphasis and other emphasis in original).

[9] Doc. no. 18.

[10] The motion, "Narrative of Material Facts," and the memorandum were submitted together as one document (doc. no. 18). The evidentiary materials were submitted as exhibits to the document (doc. no. 18, Exs. 1-18).

[11] The party moving for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact to be decided at trial. *See, e.g., Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the opposing party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*).

asserted "good cause" for its initial failure to follow the court's instructions:

> Defense Counsel's family and in-laws, as did may other citizens, experienced a great and personal loss during the week leading up to the original filing of its Motion for Summary Judgment on September 2, 2005.  Several of Defense Counsel's in-laws living in the New Orleans, Louisiana area had not been physically "accounted for" as of the September 2, 2005 filing date.  Those family members that had been located were in the grips of desperation, knowing all of their worldly possessions had been lost.
>
> Contrary to Plaintiff's Counsel's assertions, Defense Counsel made every attempt under the aforementioned circumstances to comply with this Court's scheduling order. . . . .[12]

Upon consideration of the foregoing, defendant's motion for leave to file an amended brief will be granted.  Plaintiff's motion to strike the original brief will be denied as moot.  An appropriate order will be entered.

DONE this 19th day of September, 2005.

_____
United States District Judge

---

[12] Doc. no. 22 (Defendant's Response to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment), at 2.